UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH G. DUNBAR,

        Petitioner,

                                          Case Number: 03-10232-BC

v.                                      Honorable David M. Lawson

BRUCE CURTIS,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

The petitioner has appealed the Court's order denying his application for the writ of habeas corpus under 28 U.S.C. § 2254. The matter is now before the Court for determination of whether a certificate of appealability should issue.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003) (citations omitted).

In his first habeas claim, the petitioner argued that he was entitled to relief because his trial attorney rendered ineffective assistance of counsel by (1) failing to object to the admission into evidence of a silver handgun, when the police report stated that the gun police found at the scene

was black; (2) failing to cross-examine the victim adequately regarding a unique physical characteristic on the petitioner's stomach; (3) failing to call the victim's mother as a witness; (4) taking the petitioner's pen during the trial so that the petitioner could not write notes; and (5) advising the petitioner not to take the witness stand. The Court believes that reasonable jurists could not disagree with its conclusion that this claim lacks merit.

With respect to the admission of the silver gun, the Court concluded that two witnesses at trial had positivity identified the firearm as silver and any discrepancies in the police report as to the gun's color ultimately went to the weight of such evidence, not its admissibility. Because of the witnesses' positive identification of the firearm at trial, there was no basis for the petitioner's trial attorney to resist its admission. As a result, the attorney's disinclination to raise the issue fell within the wide range of professionally competent assistance. *See Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005) (stating that to show a violation of the right to effective assistance of counsel, a petitioner must first establish that his attorney's performance was deficient "in that it fell below an objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).

The petitioner's next criticism, that his trial attorney failed to effectively cross-examine the victim about a unique physical feature resembling a second navel on the petitioner's stomach, similarly lacked merit. At trial, the petitioner's attorney cross-examined the victim as to distinctive marks on the petitioner's stomach. The victim noted that there were scars. When trial counsel asked the victim specifically about a hole on the petitioner' stomach, the victim was unable to recall one. The Court concluded that although the victim did not specifically testify about a hole, she did testify to scars on the petitioner's stomach. A reasonable attorney could have decided – perhaps wisely – that there was not much to gain from quibbling over the difference between a scar and a hole. Moreover, in response to a grievance on the matter, the attorney stated that the second navel was

small enough not to be readily visible. In light of the substantial deference afforded to counsel under *Strickland*, the Court was unable to say that trial counsel's failure to plan the defense around the twin omphalos theory amounted to substandard performance.

The petitioner also insisted that his trial attorney was constitutionally deficient because he did not call the victim's biological mother as a witness. Apparently, the victim's mother would have testified at trial that she asked the victim to fabricate a story that the petitioner had raped the victim because the petitioner had not given the victim's mother all the cocaine she wanted. The Court determined that the petitioner was not entitled to habeas relief on this claim because he failed to furnish supporting evidence; this conclusory allegation was insufficient to show that the state court's decision was contrary to or an unreasonable application of Supreme Court precedent.

The petitioner additionally claimed that his attorney was ineffective because he confiscated the petitioner's pen so the petitioner could not write notes to the attorney during trial proceedings. In response to a grievance inquiry, the attorney stated that he advised the petitioner that jurors might find the behavior distracting. The attorney confirmed that the petitioner had passed several notes to him before the start of testimony and during breaks in the trail. The Court concluded that habeas relief was not warranted because the petitioner had failed to allege any resulting prejudice. In other words, there was no evidence of a breakdown of attorney-client communications.

Finally, the petitioner assailed his trial attorney's advice that he not take the witness stand in his defense. The petitioner insisted that his prior conviction was too old to be admitted under Michigan evidentiary rules and he relied on his attorney's advice to the contrary. The attorney responded to a grievance inquiry that he felt the petitioner's attitude and demeanor would ostracize the jurors; the petitioner's criminal record was not part of his reasoning. The Court found that had the petitioner testified, his prior conviction could have been admitted into evidence under applicable

rules: although the conviction was more that ten years old, the petitioner was released from custody less ten years prior. As a result, the Court concluded that the petitioner failed to show that his attorney gave him incorrect advice and the petitioner was not entitled to habeas relief on that ground.

In his second habeas claim, the petitioner alleged that his due process rights were violated because certain "statements, events, questions, and answers" were missing from the transcript, and that these missing parts established his innocence. Reasonable jurists could not disagree that this claim lacks merit. The Court reasoned that there is no constitutional right to a totally accurate trial transcript, and a defendant's rights are violated only if the inaccuracies affect the outcome of the criminal proceeding, such as by preventing and inhibiting meaningful review. *Carpenter v. Vaughn,* 296 F.3d 138, 155 (3rd Cir. 2002). In this case, the Court concluded, even assuming the truth of the petitioner's allegations, the petitioner failed to demonstrate any adverse impact and thus no cognizable claim under section 2254.

In his third claim, the petitioner argued that the Michigan Court of Appeal's delay in ruling on his direct appeal violated his due process rights. Again, reasonable jurists could not disagree that this claim lacks merit. Although in some circumstances a state appellate court's excessive delay in deciding a direct appeal may give rise to a due process claim, *see Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994), the Court noted that delays frequently exist in the justice system. Courts usually turn to the analysis set forth in *Barker v. Wingo*, 407 U.S. 514 (1972), to determine whether a delay in the state appellate process violates due process. The Court in *Barker* set forth the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530. This Court concluded that under the circumstances no due process violation occurred. The delay was little more than three years, the petitioner filed interlocutory appeals to the Michigan Supreme Court, the matter

was sent to the trial court on the issue of transcript inaccuracies, the petitioner failed to respond to an inquiry from the appeals court concerning the status of a motion, and the petitioner had five different appellate attorneys. The delay therefore was not unreasonable, much of the cause was attributable to the petitioner, and the petitioner failed to identify any resulting prejudice.

In his final claim, the petitioner alleged that the prosecutor engaged in misconduct when he knowingly used false evidence, that is, the silver handgun, later identified by the victim as the gun in the petitioner's possession during the assault. The police report had identified the gun as black. Reasonable jurists could not disagree that this claim lacks merit. The Court explained that prosecutorial misconduct will form the basis for a new trial and habeas relief only if the relevant misstatements were so egregious so as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974). In deciding whether prosecutor engaged in misconduct warranting habeas relief, the Court looked to (1) the likelihood that the statements would prejudice the defendant or mislead the jury; (2) whether the remarks were isolated or part of a pattern; (3) whether the prosecutor's statements were deliberately or accidentally presented to the jury; and (4) whether the other evidence against the defendant was substantial. *Gall v. Parker*, 231 F.3d 265, 311 (6th Cir. 2000), *overruled on other grounds by Bowling v. Parker*, 344 F.3d 487, 501 n.3 (6th Cir. 2003), (citing *United States v. Carroll*, 26 F.3d 1380, 1385-87 (6th Cir. 1994)). The Court concluded that habeas relief was unavailable on this ground because two witnesses identified the gun admitted into evidence as the gun found at the rape scene, and therefore the petitioner could not establish that the testimony adduced by the prosecutor in admitting the gun was false. The Court does not believe that reasonable jurists would disagree or that the petitioner should be encouraged to press this claim further.

Accordingly, it is **ORDERED** that a certificate of appealability [dkt # 36] is **DENIED**.

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated: August 15, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 15, 2005.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS